UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANCESCO S. MORELLO,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICK R. DONAHOE, POSTMASTER GENERAL OF THE UNITED STATES,<br><br>    Defendant. | No. CV 11-1614 DMR<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT ANDORDER** |

IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this action be settled and compromised on the following terms:

WHEREAS, Plaintiff filed the above-captioned action under the Rehabilitation Act of 1973 and the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 633a;

WHEREAS, Plaintiff has filed the following administrative EEO complaints with the United States Postal Service: 4F-940-0156-10 (alleging an age discrimination claim under the ADEA) and 4F-940-0093-10 (alleging a disability discrimination claim under the Rehabilitation Act);

WHEREAS, in its Final Agency Decision, the Postal Service determined that Plaintiff's EEO disability complaint was identical to the claims raised in *McConnell v. John E. Potter*, EEOC DOC 0720080054, 2010 WL 332083 (EEOC, January 14, 2010), and held Plaintiff's individual disability discrimination EEO complaint (4F-940-0093-10) in abeyance pending the adjudication of the *McConnell* class complaint;

WHEREAS, Plaintiff's disability discrimination claim is subsumed within the *McConnell* class action, which has been certified, and to which Plaintiff cannot opt-out (*see* Equal Employment Opportunity Management Directive 110 for 29 C.F.R. § 1614, Ch. 8-III.C., 2010 WL 4639047);

WHEREAS, Plaintiff will still be entitled to any right he has with respect to being a class

1

member in that litigation (*see id.*, at Ch. 8-V. C);

WHEREAS, notwithstanding the fact that Plaintiff is a member of the *McConnell* class, on August 15, 2011, Plaintiff settled his disability discrimination claim through his union;

WHEREAS, with the exception of Plaintiff's existing claim subsumed by *McConnell*, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Plaintiff's employment with Defendant, which have transpired prior to the execution of this Agreement;

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Amount**.  In full and final settlement of all claims in connection with the above-captioned action, Defendant shall pay a total sum of six thousand two hundred and fifty ($6,250) dollars ("Settlement Amount"), broken into two checks as follows: one check payable to Stephen J. Duggan, Attorney at Law for attorney's fees related to this case, in the total sum of one thousand two hundred and fifty ($1,250) dollars, and a second check made payable to Francesco S. Morello for non-wage compensatory damages, in the total sum of five thousand ($5,000).  There shall be no withholdings from either amount.  Plaintiff understands that this payment will be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the IRS.  Both checks will be mailed to Plaintiff's counsel.  Plaintiff and his attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

2. **Release**.  In consideration of the payment of the Settlement Amount and the other terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever discharges Defendant, the Postal Service, and any and all of their past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature

whatsoever, including claims arising under the Age Discrimination in Employment Act, 29 U.S.C. § 633a, whether suspected or unsuspected, at law or in equity, known or unknown, or omitted prior to the date he executes this Agreement, which arise from or relate to his employment with the United States Postal Service. Nothing in this paragraph shall pertain in any matter to Plaintiff's right to file claims for OWCP and/or unemployment benefits nor any membership in the *Sandra McConnell v. United States Postal Service*.

    3. **Attorneys' Fees**. The parties agree that the Settlement Amount is in full satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiff's counsel at all stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with the above-captioned action, and any other EEO administrative proceedings which are currently pending.

    4. **Dismissal**. In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiff agrees that he will within seven days of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action. The fully executed Stipulation of Dismissal will be held by counsel for Defendant and will be filed with the Court upon receipt by Plaintiff's counsel of the six thousand two hundred and fifty ($6,250) dollars Settlement Amount.

    5. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different

from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

6. **Agreement as a Complete Defense**.  This Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

7. **No Admission of Liability**.  This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant, the United States Postal Service, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaints in these actions.

8. **Tax Liability**.  If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the settlement sum received herein, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency thereof.

9. **Enforcement Sole Remedy**.  The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue his original causes of action.  Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court for the Northern District of California.

10. **Construction**.  Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof.  For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. **Severability**.  If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in

1  any way be affected or impaired thereby.

2  12. **Integration**.  This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.  This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

13. **Authority**.  The signatories to this Agreement have actual authority to bind the parties.

14. **Additional Terms**.  In addition to the terms described in Paragraph 1 above, Defendant agrees to assist Plaintiff in determining his retirement status.

15. **Knowing and Voluntary Waiver of Remedies Under Age Discrimination in Employment Act**.  Plaintiff acknowledges that he has been given a reasonable period of time to consider this Agreement.  Plaintiff is advised to consult his attorney about the Agreement.

DATED: November 7, 2011            __/s/_____
                                   Plaintiff Francesco Morello

DATED: November 7, 2011            __/s/_____
                                   Stephen Duggan
                                   Attorney for Plaintiff

DATED: November 7, 2011            __/s/_____
                                   Ann Marie Reding
                                   Assistant United States Attorney
                                   Attorney for Defendant

DATED: November 7, 2011            __/s/_____
                                   Monique Rutter
                                   Agency Representative

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: ___November 9, 2011___      _____
                                   HON. DONNA M. RYU
                                   United States Magistrate Judge